IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DEYANIRA ARAUJO
KATRAE SMITH

Criminal No. 21-423
[UNDER SEAL]

FILED

OCT 05 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a nine-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Conspiracy to commit an offense against the United States.<br><br>From in and around April 2021, and continuing thereafter until in and around June 2021 | 18 U.S.C. § 371 | BOTH |
| Two - Nine | False statement in connection with the acquisition of a firearm.<br><br>On or about March 17, 2021 (Count Two)<br>On or about April 14, 2021 (Count Three)<br>On or about April 27, 2021 (Count Four)<br>On or about April 27, 2021 (Count Five) | 18 U.S.C. § 922(a)(6) | ARAUJO |

On or about June 10, 2021  (Count Six)
On or about June 10, 2021  (Count Seven)
On or about July 23, 2021  (Count Eight)
On or about July 24, 2021  (Count Nine)

## II. ELEMENTS OF THE OFFENSES

### A. As to Count One:

In order for the crime of Conspiracy to Commit an Offense against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2.    That the defendant was a party to or member of that agreement;

3.    That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### B. As to Counts Two through Count Nine:

In order for the crime of False Statement in Connection with the Acquisition of a Firearm, in violation of 18 U.S.C. § 922(a)(6), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

2

1.     That the seller named in the Indictment was a licensed dealer;

2.     That the defendant made a false statement while acquiring a firearm from the seller named in the Indictment;

3.     That the defendant knew that the statement was false; and

4.     That the false statement was intended or likely to deceive the seller named in the Indictment with respect to any fact material to the lawfulness of the sale of the firearm.

Third Circuit Model Criminal Jury Instruction 6.18.922A.

## III. PENALTIES

**A. As to Count One: Conspiracy to Commit an Offense against the United States (18 U.S.C. § 371):**

1.     Imprisonment of not more than five (5) years (18 U.S.C. § 371);

2.     A fine not more than the greater of;

(a)     $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.     A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4.     Any or all of the above.

**B. As to each of Counts Two through Nine: False Statement in Connection with the Acquisition of a Firearm (18 U.S.C. § 922(a)(6)):**

1.     A term of imprisonment of not more than ten (10) years.

2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of not more than three (3) years (18 U.S.C. §

3583).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon

which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Not applicable in this case.

## VI.  FORFEITURE

Not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Brendan J. McKenna*
BRENDAN J. MCKENNA
Assistant United States Attorney
PA ID No. 314315